### FINCK v. LOORAM.*

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

BROKERS ☜86(1)—ACTION FOR COMMISSION—EVIDENCE.

In a suit on an express contract to recover a commission of 2 per cent. for obtaining a mortgage loan, alleging defendant's attempt to defraud him out of his commission, *held*, on the evidence, that a judgment for plaintiff was not justified.·

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 118; Dec. Dig. ☜86(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John Finck against Mary E. Looram.   From a judgment in favor of plaintiff, in a trial before the court without a jury, defendant appeals.   Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Walter E. McDonnell, of New York City, for appellant.

Charles L. Hoffman, of New York City (Henry A. Friedman, of New York City, of counsel), for respondent.

COHALAN, J.   The plaintiff sued to recover a commission of $300 on a mortgage loan transaction.   The defendant, the owner of the property, obtained a $15,000 mortgage loan from Messrs. Bowers & Sands.   The plaintiff asserts that the loan was procured solely through his efforts as broker, and that the defendant has attempted to defraud him out of his commissions.   The proof shows that the loan had been placed under a written authorization by another broker, who had received a commission of 1 per cent., while the defendant had paid attorney's fees in the sum of $150.

The plaintiff sued on an express contract, and claimed that the agreement called for a two per cent. commission.   Yet he received no authorization from the defendant, although he endeavored to secure one the day after the loan was completed.   The plaintiff's agent testified:

"Q. Did you ask Miss Looram for a written application at any time?   A. Yes.   Q. But she would not give you the application, would she?   A. No."

The defendant testified:

"Q. And that you requested him to obtain a loan on your property for the sum of $15,000 or $17,000?   A. I did not.   Q. He stated on the stand here that you did not advise him to see anybody else, but that you advised him to get this loan, did you?   A. I did not."

The testimony of B. Aymar Sands, a disinterested witness, is that the plaintiff was requested to submit his authorization, if he had one, but that he was unable to do so.   This appeared to be conclusive on

Messrs. Bowers & Sands, and seemed to justify them in refusing the plaintiff's application for the loan.

The judgment is reversed, and new trial ordered, with $30 costs to appellant to abide the event.

GUY and BIJUR, JJ., concur in the result.